**NOT FOR PUBLICATION**                                                        CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KALRAJ SINGH, | : |
| Petitioner-Plaintiff, | : |
|  | : Civil Action No. 05-5045 |
| v. | : **OPINION** |
| ALBERTO GONZALES, et. al. | : Date: October 24, 2006 |
| Respondents. | : |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, which challenges his continued custody. The Court has considered the written submissions of the parties pursuant to Fed. R. Civ. P. 78.

**BACKGROUND:**

Petitioner is a citizen and native of India. He entered the United States illegally and without inspection in April 1996. On or about June 4, 1997, Petitioner filed an asylum application with the legacy Immigration and Naturalization Service ("INS") in San Francisco. On August 19, 1997, the INS declined to grant his application and referred it to an Immigration Judge due to material inconsistencies. The INS also issued a Notice to Appear indicating that the Petitioner was subject to removal. Following proceedings before an Immigration Judge ("IJ") on November 28, 1997, the IJ denied Singh's applications for asylum, withholding of removal, and voluntary departure, and Petitioner was ordered removed to India. Singh appealed the decision to

1

the Board of Immigration Appeals ("BIA"), and on August 22, 2001, the BIA affirmed the decision, holding that Singh did not meet "his burden of demonstrating eligibility for asylum and withholding of removal, on the basis of his religion or his actual or imputed political opinion." On November 6, 2001, the San Francisco office of the INS issued a Warrant of Removal and a "Bag and Baggage" letter directing Singh to report to an Immigration Officer on December 4, 2001, ready for departure to India. Petitioner failed to appear as directed. On December 13, 2001, Singh filed a motion to reopen his immigration case before the BIA. In a January 18, 2002 Order, the BIA denied the motion for having been filed out of time and held that Petitioner did not present evidence of a material change in circumstances in India to fall within the exception to the 90 day time limit on motions to reopen.

On January 11, 2005, Petitioner was arrested by the New Jersey State Police after he was stopped for speeding while driving a tractor-trailer on the New Jersey Turnpike. After discovering the Immigration warrant, the police turned Petitioner over to the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") Fugitive Unit. Petitioner was detained by DHS ICE. On or about February 1, 2005, ICE sent a request for travel documents for Petitioner to the Embassy of India. On or about March 22, 2005, Petitioner, through counsel, filed a motion to reopen or reconsider the removal order. The BIA denied the motion, and Singh sought review of the decision in the Ninth Circuit Court of Appeals. The Ninth Circuit issued a temporary stay of removal on September 2, 2005, which remains in effect. ICE conducted a Post Custody Order Review of the Petitioner's detention on or about April 30, 2005, which noted that Petitioner had been a fugitive for over 3 years since his removal order became final, and decided to continue Petitioner's detention.

Singh filed this petition for a writ of habeas corpus seeking release from detention on October 20, 2005.[1] In this petition, Singh claims that he has been detained in the custody of the Respondents since January 2005 in violation of 8 U.S.C. §1231(a)(6) because he has been detained for more than six months and his removal is not foreseeable.

**DISCUSSION:**

The detention, release, and removal of aliens subject to a final order of removal is governed by §241 of the Immigration and Nationality Act ("INA"). 8 U.S.C. §1231. Pursuant to INA §241(a), the Attorney General has 90 days to remove an alien from the United States after an order of removal becomes final. During this "removal period," detention of the alien is mandatory. *Id.* After the 90 day period, if the alien has not been removed and remains in the United States, his detention may be continued for a "reasonable time" or he may be released under the supervision of the Attorney General. 8 U.S.C §§1231(a)(3) and (6); *Zadvydas v. Davis,* 533 U.S. 678 (2001) at 700-1. Section 1231(a)(6) provides that the removal period may be extended, and the alien may remain in detention during such extended period, if the alien is a risk to the community or unlikely to comply with the order of removal. However, indefinite detention is not authorized. 8 U.S.C. §1231(a). The detention of aliens detained beyond the ninety-day removal period is subject to periodic review pursuant to 8 C.F.R. §241.4, 8 U.S.C. §1231(a)(6). DHS conducted a review of the Petitioner's detention after the 90 day removal period had run and determined that the petitioner was a risk of flight given his failure to surrender for removal and his three plus years as a fugitive.

---

[1] Petitioner's claims regarding the merits of his removal are before the Ninth Circuit pursuant to the REAL ID Act. Pub. L. No. 109-13, Div. B, 119 Stat. 231.

Here, Petitioner contends that his continued detention violates the Supreme Court's ruling in *Zadvydas*. In *Zadvydas*, the Supreme Court held that the presumptive period during which an alien's detention is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonable future." 533 U.S. at 701. *See also Clark v. Martinez*, 543 U.S. 371 (2005). Petitioner argues that his removal is not reasonably foreseeable because the Ninth Circuit has issued a stay of his removal, and he should therefore be released from custody.

Courts have held, however, that when a petitioner has a stay of removal in effect, the post-order removal period does not begin until the Court decides the petition for review. *See Vasquez v. Immigration and Customs Enforcement*, 2005 WL 3481523 at *2 (3d Cir. Dec. 21, 2005) (unpubl.) (citing 8 U.S.C. §1231(a)(1)(B)(ii)); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (by applying for stay, petitioner interrupted the running of the time under *Zadvydas*); *Evangelista v. Ashcroft*, 204 F. Supp.2d 405, 409 (E.D.N.Y. 2002) (petitioner's reliance on *Zadvydas* to be released from detention is "disingenuous" when sole reason being held is his requested stay of deportation); *Hines-Roberts v. Ashcroft*, 2003 WL 21305471 at *3 (D. Conn. Jun. 5, 2003) (unpubl.) (as a result of stay of deportation, Attorney General could not seek to bring about petitioner's deportation, and therefore, period of detention does not raise due process issue presented in *Zadvydas*); *Archibald v. INS*, 2002 WL 1434391 at *8 (E.D. Pa. July 1, 2002) (unpubl.) (because petitioner asked for and was granted stay of deportation, he is not being held in violation of *Zadvydas*, but rather held pursuant to stay he requested). For substantially the same reasons, Respondents rely on *Abimbola v. Ridge*, 2005 WL 588769 *2 (D. Conn. 2005) ("a self-inflicted wound cannot be grounds for a *Zadvydas* claim").

Petitioner was initially placed in custody on January 11, 2005. Where an alien comes into the Immigration authorities' custody after the order of removal is final, the 90 day period runs from the date the custody begins. 8 U.S.C. §1231(a)(1)(A). Thus, the 90 day period for the petitioner began to run on January 11, 2005, when he was taken into ICE custody. The Ninth Circuit issued a stay of removal on September 2, 2005.[2] Although there were more than 90 days between the time when Singh was initially placed in custody and when the stay came into effect, the post-order removal period does not begin to run again until the Ninth Circuit decides the petition for review. Therefore, Petitioner's time in custody is still within the presumptively-reasonable six-month period under *Zadvydas* and 8 U.S.C. § 1231(a)(1)(B)(ii).[3] *See, e.g., Singh v. Gonzalez*, 2006 WL 436120 (D.N.J. Feb. 21, 2006) (unpubl.); *Scott v. Passaic County Jail*, 2006 WL 1784412 (D.N.J. June 26, 2006) (unpubl.); *Wong v. Gonzalez*, 2006 WL 995460 (D.N.J. April 12, 2006); and *Stone v. Department of Homeland Security*, 2006 WL 1286211 (D.N.J. May 9, 2006). Moreover, there is no indication that Petitioner's removal to India is not reasonably foreseeable if the stay of removal is lifted. A July 31, 2006 letter from the Petitioner indicates that Singh was issued a travel document on May 10, 2006. Accordingly, it would appear that Petitioner's continued detention complies with the mandates of *Clark* and *Zadvydas*.

---

[2]Respondent did not deport Singh before the stay came into effect because Singh was not issued a travel document to India until May 10, 2006.

[3]8 U.S.C. § 1231(a)(1) states that "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days...The removal period begins on the latest of the following: (I) The date the order of removal becomes administratively final; (ii) *If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order*; (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." (emphasis added)

Petitioner also contends that the length of his detention violates his right to due process under the Fifth Amendment.  In *Oyedeji v. Ashcroft*, 332 F. Supp.2d 747 (M.D. Pa. 2004), the district court noted that the "price for securing a stay of removal should not be continuing incarceration" and concluded that the Due Process Clause of the Fifth Amendment requires that a criminal alien should be afforded an opportunity to be heard on the question of conditional release pending judicial review of a final administrative order of removal, the execution of which has been stayed by judicial order.  *See Oyedeji*, 332 F. Supp.2d at 753-754.  The Third Circuit has held that:

> [w]hen detention [of an alien] is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable.  The fact that some aliens posed a risk of flight in the past does not mean they will forever fall into that category.  Similarly, presenting danger to the community at one point by committing crime does not place them forever beyond redemption.  *Ngo v. INS*, 192 F.3d 390, 398 (3d Cir. 1994).

The fact that a stay of removal has been issued in this case should not change this result.  *See Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003) (an alien not normally subject to indefinite detention as in *Zadvydas* should not be detained simply because he seeks avenues of relief legally available to him; while the alien may be responsible for seeking a stay of removal, he is not responsible for the length of time such determinations may take); *Oyedeji*, 332 F. Supp.2d at 753 (the price for securing a stay of removal should not be indefinite detention).

Under the Fifth Amendment's Due Process Clause, Petitioner is entitled to a review with respect to conditional release under Title 8 of the Code of Federal Regulations, section 241.4 (governing the review process post-removal period) and section 241.13 (governing

6

determinations of the likelihood of removal).[4]  Here, Petitioner's October 3, 2006 letter indicates that has not sought any DHS review under 8 C.F.R. §241.13.  Petitioner received a custody review on May 3, 2005; September 1, 2005; and April 26, 2006.  Following the reviews, ICE issued a "Decision to Continue Detention" pursuant to 8 C.F.R. §241.4 because the petitioner's removal appears imminent.  Having carefully reviewed the record, the Court finds that Petitioner is not entitled to any greater custody reviews than that which the BICE has already provided.

**CONCLUSION:**

Accordingly, the Court concludes that Petitioner's continued detention is statutorily permissible under 8 U.S.C. § 1231(a)(1)(B)(ii) because his time in custody is still within the presumptively-reasonable six-month period due to the Ninth Circuit's stay of Petitioner's case, and there is no indication that Petitioner's removal to India will not be expeditiously accomplished once the judicial stay of removal is lifted since his travel documents have already

---

[4]  Under 8 C.F.R. § 241.4(I), the Director of the Headquarters Post-Order Detention Unit ("HQPDU") is required to designate a two-person panel to make recommendations on whether an alien should be released or detained.  This recommendation must be unanimous.  The initial review, and at the beginning of subsequent reviews, the review panel examines the alien's records.  If the panel does not recommend release, or if the HQPDU Director rejects a recommendation for release, the alien shall be personally interviewed by the review panel.  The alien may have a representative at this interview, subject to reasonable security concerns, and he may submit any information he believes may be pertinent in securing his release.

Under 8 C.F.R. § 241.4(d), an alien may obtain a conditional release from detention by showing that his release will not pose a significant risk of flight and danger to the community, to the safety of others or to property pending removal.  Under 8 C.F.R. § 241.4(e), an alien is eligible for release if th review panel or the HQPDU Director find that the following criteria are met: (1) travel documents are not available or immediate removal is otherwise not practicable or not in the public interest; (2) the alien is presently a non-violent person; (3) the alien is likely to remain non-violent if released; (4) the alien is not likely to pose a threat to the community if released; (5) the alien is not likely to violate the conditions of release; and (6) the alien does not pose a significant flight risk if released.

been issued.  Moreover, Petitioner's continued detention does not violate due process and is not constitutionally impermissible at this juncture because he has been afforded an individualized custody review.  Therefore, the petition will be denied without prejudice, allowing Petitioner the opportunity to reassert his claims regarding continued detention if necessary in the future.  An appropriate order follows.

                                          **/s/ Faith S. Hochberg**
                                          **United States District Judge**